**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50475 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00159-DMG-3 |
| v. | |
| RAFAEL JIMENEZ-RODRIGUEZ, AKA Alejandro Figueroa, AKA Jorge Hernandez, AKA Jorge Rafael Hernandez-Jimenez, AKA Miguel Jimenez, AKA Alberto Jimenez-Rodriguez, AKA Miguel Jiminez, AKA Halbert Leon, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50477 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00159-DMG-1 |
| v. | |
| JASON DE LA TORRE, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted June 2, 2014[**]
Pasadena, California

Before: GOULD and N.R. SMITH, Circuit Judges, and KORMAN, Senior District Judge.[***]

## I.

Defendants have not demonstrated how the government's failure to preserve the entire requested one-hour segment of surveillance footage was done in bad faith. *See United States v. Sivilla*, 714 F.3d 1168, 1172 (9th Cir. 2013). Special Investigative Services Technician for the prison, Tymothy Wallace, preserved the footage he believed captured the entire altercation; the exculpatory value of the additional footage from the full one-hour requested was not apparent to Wallace. See *id*. In addition, Defendants have not shown how the loss prejudiced them. *Id.* The preserved footage showed De La Torre's and Johnson's demeanor and conduct prior to the incident. Wallace preserved De La Torre's entire telephone conversation and other inmates offered testimony of the events leading up to the incident.

## II.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

The district court did not err, let alone plainly err, in failing to *sua sponte* provide the jury with an adverse inference instruction regarding the unpreserved footage. *See United States v. Della Porta*, 653 F.3d 1043, 1052 (9th Cir. 2011). Defendants further have not shown they were prejudiced because of the unpreserved surveillance footage, so there is nothing to balance against the quality of the government's conduct. *See Sivilla*, 714 F.3d at 1173.

## III.

Defendants' ineffective assistance of counsel claim is not appropriately raised on direct appeal. *United States v. McKenna*, 327 F.3d 830, 845 (9th Cir. 2003). The record is not sufficiently developed, and the legal representation was not so obviously ineffective as to deny Defendants their Sixth Amendment right to counsel. *See id.*

## IV.

Viewing the evidence in the light most favorable to the prosecution, the district court did not err in denying Defendants' motion for acquittal. *United States v. Grasso*, 724 F.3d 1077, 1085-86 (9th Cir. 2013). Surveillance footage, witness testimony, medical examinations, and injury assessment reports provided sufficient evidence for the jury to conclude beyond a reasonable doubt that Defendants did

not act in self-defense. *See id.* at 1086; *United States v. Acosta-Sierra*, 690 F.3d 1111, 1126 (9th Cir. 2012).

**AFFIRMED**.